STATE for use of REED *v.* BOUTWELL *et al.*

[86 South. 454, No. 21276.]

BREACH OF THE PEACE. *State is sole beneficiary of forfeited bonds.* The state is the sole beneficiary of forfeited bonds to keep the peace. The person who initiates the proceedings has no pecuniary interest in same.

APPEAL from circuit court or Lawrence county.

A. E. WEATHERSBY, Judge.

Action by the state of Mississippi, for the use of Alonzo Reed, against D. D. Boutwell and others. Demurrer to declaration sustained, and plaintiff appeals. Affirmed.

*Mayes & Gibson,* for appellant.

The demurrer simply challenges the right of the appellant to sue on the bond for his personal and pecuniary benefit, and the issue to be presented here is simply whether or not a recovery may be had under the law, on a bond of this character, for the private benefit of an injured individual, for whose protection the bond is given.

There are only two assignments of error presented and both of these may be treated under one head, viz., has a person for whose protection a peace bond is given, the right under the law to sue for the penalty of the bond, or to recover damages thereunder when the bond has been breached and broken, or is the only remedy by *scire facias* issued by order of the court or district attorney on the bond? This is the sole and only question that can be presented under the law from the record that is now before the court. If the proceeding must be started by *scire facias* issued by the circuit clerk on the order of the court or district attorney, and the injured party for whose protection the bond is executed cannot proceed in his own right, then, frankly, the demurrer was well taken.

Section 1548 of the Code of 1906, provides that: "Whenever complaint is made under oath by a credible person to a justice of the peace that any person has threatened to commit an offense against the person or property of another, and such justice is satisfied that there is good reason to fear the commission of such offense. He may issue a warrant to arrest and bring the person complained of before his or some other justice of the peace; and the justice of the peace before whom such person may be brought shall examine into the charge, and if there be just reason to apprehend, that such person will commit the offense, he shall be required by the justice to enter into bond in such sum, with such sureties and for such time not exceeding twelve months, as the justice may prescribe, conditioned to keep the peace towards the person against whom or whose property there is reason to fear the offense may be committed."

As above stated, has the appellant any personal pecuniary right to a forfeiture of the penalty, of the bond in this case? We most respectfully submit that after a most careful and painstaking search of our own state reports, as well as the reports of all the other states, Corpus Juris and other text books, we have been unable to find a single case in point. It is true that two or three cases regarding the method of procedure, etc., have been decided by the court, but no case in which this identical question was involved has ever been passed upon by this court. We are therefore, forced to resort to argument for an analogy.

The court held that the appellant had no right of action on the bond whatever, and as stated already herein, the only action that could be maintained on this bond, was by *scire facias* issued by the circuit clerk upon the order of the judge, or the district attorney. Section 1557 of the Code of 1906. It will be observed that there is nowhere any provisions in the law stating to whom the bond shall be made payable, but there is a section of law in the Code of 1906, section 1023, which states that where there is no provisions as to whom the bond shall be made pay-

able, it may be made payable to the state of Mississippi. The section reads: Section 1023. Bond payable to the state in certain cases—Any bond required to be given in any matter, where it is not prescribed to whom it shall be made payable may be made payable to the state.

It will be thus seen that bonds may be made payable to the state in certain cases, where there is no provisions as to whom the bond shall be made payable, as in the case at bar. Could it be urged that the bond in question could not have been made payable to Reed, and that he, Reed, would not have the right to sue for the penalty? We think not. Then why would he not have a right to sue in the name of the state of Mississippi for the penalty of the bond.

The state does not need further and additional power with which to protect its citizens—the criminal law is ample for this purpose. We are therefore, unable to believe that it was the purpose of the legislature to prescribe further and additional power for the protection of its citizenship, by requiring an individual to give a peace bond for the protection of the complaining party, and then upon the breach of the bond, permit the state to be the sole and only benefactor. On the other hand, the more reasonable view, it seems to us, to take of the matter is that the legislature was making a law for the protection of the individual and his property, and that by requiring the party to execute a bond to keep the peace was for the sole purpose of protecting the person against whom threats may have been made, his family and his property.

*E. B. Patterson* and *P. Z. Jones,* for appellees.

The court below held that no suit for damages may be maintained by the state of Mississippi for the use and benefit of Alonzo Reed at whose instance this suit is filed. The court considered together the several code sections on the subject of peace bonds and the holding was that the remedy could only be in accordance with sections 1557, Code of 1906, and that the recovery, if any, was in the na-

ture of a fine and penalty, the amount of which could be fixed by the court. The code section, involved are sections 1548 to 1561, 1571, 1572, of the Code of 1906, and sections 1310 to 1323, 1333 and 1334, of Hemingway's Code.

It is claimed by the counsel for the appellant that there is no statute making the peace bond payable to the state of Mississippi, but they clearly overlooked in making this statement, section 1572, Code of 1906, section 1334, Hemingway's Code, prescribing the form of bond to keep the peace according to which the bond is payable to the state of Mississippi.

A breach of the peace consists of any act which is wilful, or wrongful and results in violation of public order or decorum. The state of Mississippi by the sections referred to desired to maintain public order and to protect society. The individual was a mere incident in the plan.

Sections 1548 and 1571, prescribe how the complaint shall be made and how the trial shall be had. When the complaint is made the justice of the peace issues a warrant for the arrest of the party, and the party is brought before the justice of the peace on this warrant. Obviously this part of the proceeding is criminal in its nature because a warrant may not issue and a man may not be arrested in any but criminal proceedings. Arrest and imprisonment for debt is not allowed by section 30 of the Constitution of this state.

Under section 1550, Code of 1906, if bond is not given, the defendant is committed to jail. This clearly is the enforcement of the criminal laws of the state because under section 30 of the Constitution there can be no imprisonment for debt. By section 1560, Code of 1906, the sureties of any person bound to keep the peace may at any time surrender their principal to the sheriff of the county under the same rules governing the surrender in criminal cases. Certainly the sureties for a principal in a civil proceeding cannot surrender their principal to the sheriff and have him lodged in jail because under section 30 of our constitution there can be no imprisonment for debt.

Under section 1557, of the Code of 1906, should any jury find that the peace bond has been forfeited, the judge of the circuit court may remit the forfeiture or any part of the same and cause such judgment to be entered as to him may appear just and reasonable. Certainly a circuit judge has not the right in any other suit on a bond or obligation between individuals to reduce the amount of the bond or to say how much in his discretion shall be awarded to the plaintiff as damages.

We submit that it was never intended by the legislature to confer by these statutes any right upon an individual to sue for damages on the peace bond. The eminent counsel for appellant frankly admit that there seems to be no case in the books where this kind of a case was ever brought in the whole world. The nearest case approaching it found by us is that of *Redditt* v. *Wall*, 55 So. 45, — Miss. —. Same case in 34 L. R. A. (N. S.) 162. Wall was a road contractor and gave a bond to the county for the performance of his contract. Redditt, a traveler along the public highway, sustained injuries by reason of a defect in the highway and brought suit against the contractor and the sureties on his bond for damages. This court held that he was not entitled to recover. The reason given was that the county was not liable to the traveler and needed no bond to indemnify itself against damages. And it could never be made liable to any member of the public for this kind of an injury. Applying the same reason to the case at bar we say, that the state of Mississippi is not liable to Alonzo Reed for damages for an assault and battery committed by the defendant D. D. Boutwell and unless Reed had the right to sue the state he has no right to sue the sureties on the bond required in this case.

The case of *Redditt* v. *Wall*, 55 So. 45, was approved by this court in *Williamson* v. *Thomason*, 55 So. 884. The case is different from damage suits brought against marshalls, constables, and sheriffs for assault and battery, unlawful arrest, etc., because in these cases there is and was a common-law liability on the part of the officer for wrongs

and trespasses committed by him. But there never has been any common-law liability on the part of the state, the county or a municipality because of wrongs inflicted on one citizen by another citizen.

As we understand it the right to require a bond for keeping the peace is a right created by statute and the remedy for recovery on the bond is specified by the statute which created the right. It is universally held so far as we can ascertain that where a statute creates a right and prescribes a remedy for its enforcement, the remedy is exclusive. 22 Stan. Enc. Proc., 715-716; *Finney* v. *Guy,* 49 L. R. A. 486; *Pollard* v. *Bailey,* 20 Wall, 520, 22 L. Ed. 376; *Russel* v. *Pacific R. Co.,* 34 L. R. A. 747; See, also *Hazelhurst* v. *Mayes,* 96 Miss. 657; *Yerger* v. *State,* 91 Miss. 802; *McGinnis* v. *State,* 97 Miss. 280; *State* v. *Trailer,* 100 Miss. 544, Note to *Gallup* v. *Smith,* 12 L. R. A. 253.

Section 1557, Code of 1906 (section 1319, Hemingway's Code), prescribes the remedy to collect forfeited peace bonds and it seems to us that under the authorities cited above this remedy is exclusive.

COOK, P. J., delivered the opinion of the court.

The declaration was filed in the circuit court of Lawrence county by the appellant against D. D. Boutwell and the sureties on his bond. The declaration avers that a certain justice of the peace of said county, upon the complaint of appellant, required the said Boutwell to enter into a certain bond, in the sum of two thousand, five hundred dollars, conditioned to keep the peace towards the person and property of appellant.

The declaration further avers that the said Boutwell breached the bond on the 9th of November by willfully and feloniously shooting at the appellant, and prayed judgment against the defendant and his sureties.

The defendant demurred to this declaration, assigning ten grounds why the action could not be maintained, viz.:

"(1) The declaration states no cause of action.

"(2) The bond sued upon was to keep the peace in so far as the public is concerned, and the plaintiff's alleged usee for whose benefit this suit is brought has no pecuniary interest therein.

"(3) It was not the contemplation of the bond nor of the statute providing for peace bonds that any private, personal, and pecuniary benefit should be· derived therefrom by any person.

"(4) The bond sued upon is one given and required in a criminal proceeding based upon statutes, and the remedy provided by the statutes is a writ of *scire facias* on the order of the court or district attorney, and this remedy prescribed by the statutes is sole and exclusive, and no recovery may be had on the bond for the private benefit of an individual.

"(5) The method pointed out by the statutes (sections 1548 to 1561, Code of 1906) is mandatory as to the procedure, and the remedy sought to be enforced by this suit is not embraced in the provisions of these sections of the Code.

"(6) The bond given by the defendants is a bail bond on which the defendant, D. D. Boutwell was enlarged on bail, and it is so designated by section 1550 of the Code of 1906.

"(7) The bond was required to be given for the benefit of the public, and the public is the sole and only beneficiary under the bond, its enforcement and liability being left to the judgment and discretion of the court as to the penalty and fine imposed, and the recovery, if under the bond, is in the nature of a fine and penalty according to section 1557 of the Code.

"(8) The action on a forfeited peace bond is a statutory action, and the statutory proceeding and remedy must be strictly followed.

"(9) The reasonable and proper construction of the statutes requiring a peace bond such as the one sued on in this case does not give to these plaintiff's alleged usee in this case any cause of action on the bond, nor does it give

the state of Mississippi any such cause of action for his use and benefit.

"(10) The state of Mississippi was under and is under no civil liability for damages on account of personal injuries sustained by the plaintiff, Alonzo Reed, by assault and battery or otherwise, and its purpose in securing and requiring a bond was not to protect it and save it harmless as against any personal action by Reed, but to insure and secure the peace of the community and of society, and the right of Reed to claim compensation for personal injuries was not and is not within the contemplation of the bond or the statute."

The statutes now in existence, speaking in a general sense, have long existed in this state, and this suit is the first of its nature to find its way to this court. No member of this division can recall a similar case coming under his observation as practitioner at the bar.

The sections of the Code of 1906 which refer to peace bonds are 1548-1561, 1571, and 1572. The statutes provide for the forms of the affidavit, the bond, and the judgments on a forfeiture of the peace bond, and there is not a word which warrants the construction placed upon the statutes by the appellant. The entire scheme was designed as a preventive measure, and the penalty for a breach of the bond was measured by the amount of the penalty of the bond. In other words, the statutes were designed to prevent breaches of the public peace, and a failure to keep the peace forfeited to the state the amount of the bond, that much, no more and no less. A different construction of the statutes would not only do violence to the letter and spirit of the law, but the appellant's construction of the law would establish a new industry in the state for the profit of individuals rather than a scheme to preserve the public peace.

*Affirmed.*